CLARK, Admrx., Etc. v CARNEY et
(Two cases)

Ohio Appeals, 1st Dist., Hamilton Co.

Nos. 6042 & 6043. Decided Feb. 2, 1942.

David L. Shannon, Cincinnati, for Martha Clark, Admrx.

Ragland, Dixon & Murphy, Cincinnati, for Walter J. Carney.

Nichols, Wood, Marx & Ginter, Cincinnati, and Timothy Hogan, Cincinnati, for Fidelity & Deposit Company of Maryland.

## OPINION

By ROSS, J.

Two appeals on questions of law from a judgment of the Court of Common Pleas of Hamilton County are here considered together. The first is an appeal by the defendant, Walter J. Carney; the second, an appeal by Walter J. Carney and the defendant bonding company.

The trial resulted in a joint verdict against the defendant Carney, who is a policeman, and the bonding company of $2500.00.

Motions for new trial and judgments non obstante were filed and overruled.

Judgment was rendered against the Bonding Company and Carney for $1000.00, the limit of the liability of the defendant company, and for $1500 and costs against Carney.

The action was instituted by the plaintiff to recover damages for the death of her decedent who was shot by the defendant Carney, when fleeing from arrest in company with three other men.

The evidence of the plaintiff indicates that the decedent in company with 3 other men attempted to gain entrance to a bakery. Some of these men testified they were only attempting to secure pies and used a stick, with which they knocked the pies off a rack and then drew them from under a locked screen door.

The defendant Carney and other of-

ficers were notified of the burglary and ordered by police headquarters to repair to the bakery and apprehend the law violators. In compliance with such orders received by radio, they repaired to the designated place, found the decedent and others gathered about the rear entrance to the bakery, and from the undisputed facts had every reason to believe that these men were violating the statutes of Ohio and committing or attempting to commit a burglary in violation of §12438 GC. The men, upon seeing the officers' automobile lights fled, the officers then and there gave chase when the men ran—finally cornering them in an alley, and only shot, when, and after repeated orders to surrender, the men still fled, even after shots were fired over their heads. The defendant Carney finally directed his fire at the criminals and the decedent was shot and another man shot in the hand. One man escaped and was never apprehended. So it is apparent that had the officers not used the means adopted, all would have escaped.

It is the claim of the plaintiff that the police officer used excessive force.

The action was predicated upon §10509-166 GC, the so-called wrongful death statute.

If the act of the defendant Carney in taking the life of the decedent was wrongful then the plaintiff is entitled to recover damages, if such act was the proximate cause of her decedent's death.

Sec. 13432-1 GC, provides in part:

"A sheriff, deputy sheriff, marshal, deputy marshal, watchman or police officer, herein designated as 'peace officers' shall arrest and detain a person found violating a law of this state, or an ordinance of a city or village, until a warrant can be obtained."

The statute law of this state makes it a mandatory duty upon the police officer to arrest a person found violating the law of the state.

Even a private citizen may arrest when he has reasonable ground to believe a felony has been committed. Sec. 13432-2 GC, provides:

"When a felony has been committed, or there is reasonable ground to believe that a felony has been committed, any person without a warrant may arrest another whom he has reasonable cause to believe is guilty of the offense, and detain him until a warrant can be obtained."

The court properly placed before the jury the question of the use of excessive force.

It is extremely difficult under the circumstances developed in this case to understand upon what evidence the jury predicated its conclusion that such excessive force existed.

A more typical case of proper means to apprehend men who were admittedly committing a felony and fleeing from arrest, therefore, can hardly be imagined. If police under such circumstances may not employ the limit of force, the law then befriends the criminal, encourages him to fly from his crimes, and insures him protection if he is injured while seeking to evade the consequences of his evil doings. Such cannot be the law. The fact that one law violator escaped is proof that drastic means, even in his case, were unsuccessful in securing arrest. The criminals were given every opportunity to accept arrest. They chose flight. How can they, or those claiming under them complain of its results.

The judgment is reversed and judgment here entered for the defendants.

MATTHEWS, PJ., concurs.

HAMILTON, J. (Dissenting): I am of the opinion that this case should be remanded for a new trial.