OLIVER, ADMR., APPELLANT, *v.* KASZA, APPELLEE.*

(No. 5525—Decided April 2, 1962.)

---

*Motion to certify the record overruled (37640), October 31, 1962.

*Mr. Jas. Slater Gibson,* for appellant.
*Mr. John J. Burkhart,* for appellee.

SMITH, P. J.   This is an appeal on questions of law from a judgment of the Common Pleas Court sustaining a motion of defendant-appellee for summary judgment and dismissing plaintiff-appellant's amended petition.

The action is for the wrongful death of plaintiff's decedent allegedly caused by defendant, a police officer of the city of Toledo, by unlawfully and deliberately assaulting the decedent with a pistol bullet.   The amended petition sets forth a first cause of action for pecuniary loss to next of kin of plaintiff's decedent and a second cause of action for the benefit of the estate.

The answer to the amended petition sets up as a first defense a general denial and for a second defense alleges that defendant is a police officer of Toledo, Ohio; that, while in the performance of his duties as such police officer, he shot plaintiff's decedent while in the act of placing the decedent under arrest for the commission of a felony; that the shooting occurred when plaintiff's decedent resisted arrest and attempted to escape from the custody of defendant; and that, in so doing, defendant acted reasonably and lawfully.

The reply to the answer denies allegations not admitted and avers that plaintiff's decedent had committed no felony nor had the decedent been placed under arrest by defendant or any other officer at the time he was shot by defendant.

The defendant filed a motion for summary judgment and in support thereof filed four affidavits.   The pertinent facts stated in defendant's affidavit as to the actions of plaintiff's decedent are that, while cruising in a scout car with another policeman about 2:50 a. m. on May 30, 1959, defendant received information by his car radio that a stolen hearse was stopped, and the driver, a colored male in a light tan and brown suit, was being pursued on foot by another policeman; that defendant, in so cruising, saw a colored man fitting such description emerge from an alley into the sidewalk and try to hide behind a tree; that, when the scout car stopped, the man entered through a gate along the sidewalk and thence went to a backyard in the rear of a house at which time he began to run; that defendant

called to him to halt; that the man turned between houses and ran towards another street, and defendant, in pursuing, saw him at a street intersection when the man fell headlong into the street, immediately picked himself up, ran across the street, stumbled and again fell headlong into a pile of loose bricks just beyond the sidewalk; that defendant several times yelled to him to halt when defendant was running; that, as defendant stepped upon the curb of the street, he pulled his gun from the holster, stumbled forward and fired the gun, at which time the man, in trying to climb over a low wall, fell and struck it with his head; that, although defendant did not think he had hit the man, upon examination by defendant and the other policeman they found blood on the man's shirt on his lower left chest; and that thereafter the man was removed by ambulance to a hospital.

The affidavit of the policeman on duty with defendant contains statements corroborating largely the statements in defendant's affidavit and that upon examination the man was found to have a hole in his left side; that he gurgled and his pulse was weak; and that the man was dead on arrival at the hospital.

The affidavit of another police officer, relating to a time prior to the shooting, states that he was on duty in another scout car when his attention was brought to an ambulance; that he ordered the driver of the ambulance to stop, whereupon the driver jumped out and ran between houses; that another officer pursued the man on foot, yelled for him to halt or the officer would shoot, and he then fired a shot in the air; and that the man eluded pursuit and his description was broadcast by the scout-car radio. The statements in this affidavit, among others, are in the main corroborated by the affidavit of another policeman.

The remaining affidavit is of the owner of the ambulance and contains largely hearsay remarks of his wife who had parked the ambulance, while in a bar. Such hearsay statements are contrary to Section 2311.041, Revised Code, which provides that the affidavit "'shall set forth such facts as would be admissible in evidence.''

The plaintiff did not file any counteraffidavits. It does not

appear from the affidavits that plaintiff's decedent was observed by defendant in the act of commiting a felony.

It is obvious that the pleadings and the affidavits filed in support of the motion for summary judgment show genuine issues of material fact to be submitted to a jury for its determination of, *inter alia*, whether a felony had been committed, whether the plaintiff's decedent was placed under arrest, whether defendant had reasonable grounds to believe that a felony had been committed, and whether the defendant used excessive force. The sustaining of the motion for summary judgment was, therefore, erroneous. *Bowlds* v. *Smith*, 114 Ohio App., 21. In that case, this court attempted to throw some revealing judicial light on the origin, nature and character of Section 2311.041, Revised Code, recently enacted in Ohio, and therein this court was the first appellate court in Ohio to pronounce a caveat against the tendency to the section's misuse as well as abuse.

The defendant was authorized by statute to arrest and detain a person found violating a law of this state until a warrant could be obtained (Section 2935.03, Revised Code), and when a felony has been committed or there is reasonable ground to believe that a felony has been committed, a person may arrest another whom he has reasonable cause to believe guilty of the offense and detain him until a warrant can be obtained (Section 2935.04, Revised Code).

Counsel for defendant relies heavily on *Clark, Admx.,* v. *Carney,* 71 Ohio App., 14, where a police officer was not held liable upon a question of fact as to the use of excessive force in the shooting of a man discovered in the act of or attempting burglarizing. However, it is stated in the opinion on page 16 that "the court properly placed before the jury the question of the use of excessive force."

In an exhaustive annotation in 60 A. L. R. (2d), 888, it is stated:

"If an arrest may be made for a felony, the arresting officer may use the force necessary to effect the arrest, but no more, and if he meets with resistance he may use such force as is necessary to overcome it, without becoming civilly liable for negligent killing of or injury to the felon. (See the general rule stated in Am. Jur. referred to in Sec. 3, *supra*.) But in cases of

uncertain negligence or conflicting or doubtful evidence, the question of liability is one for the determination of the jury.''

It appears from the record that the trial court based its judgment in part upon the failure of plaintiff to file counter-affidavits on the motion of defendant. If the pleadings and the affidavits of the movant show that a genuine issue of material fact exists, the motion should be overruled as there is no mandatory requirement under the statute for the filing of counter-affidavits. The motion does not call for a "trial on affidavits." Section 2311.041, Revised Code, provides not only that the motion for summary judgment can be made "with or without supporting affidavits," but that "the adverse party prior to the day of hearing *may* file opposing affidavits."

The judgment of the Common Pleas Court sustaining the motion of defendant for summary judgment is, therefore, reversed, and the cause is remanded to that court for further proceedings according to law.

*Judgment reversed.*

DEEDS and FESS, JJ., concur.

---

*Motion to certify the record overruled (37594), October 17, 1962.