In re Jerry L. HASKIN, Debtor.

John BENSON, Plaintiff,

v.

Jerry L. HASKIN, Defendant.

Bankruptcy No. 1–86–02272.
Adv. No. 1–86–0172.

United States Bankruptcy Court,
S.D. Ohio, W.D.

Dec. 29, 1986.

Jeffrey A. Tessel, Cincinnati, Ohio, for defendant.

Roger D. Staton, Cincinnati, Ohio, for plaintiff.

## DECISION AND ORDER ON SUMMARY JUDGMENT

BURTON PERLMAN, Bankruptcy Judge.

Plaintiff brought this adversary proceeding to determine the dischargeability of a state court judgment rendered in his favor against the defendant. Plaintiff alleges in his complaint that he obtained a judgment in Hamilton County Municipal Court in the amount of $9,700.00, that the "judgment was based upon proven allegations" of false representations regarding the sale of a solar system from the defendant to plaintiff and, therefore, this judgment debt is nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2) and (a)(6).

Defendant filed an answer admitting, inter alia, the allegation that the judgment was obtained on the merits, but denying that the judgment was based on proven allegations of false representations. Defendant states as a defense that plaintiff's claim is based on a breach of contract and not on false representation or willful and malicious injury.

Plaintiff has filed a motion for summary judgment pursuant to Bankruptcy Rule 7056 stating that because there is an admission in this present suit that the judgment in the prior suit was obtained on the merits and because the complaint, affidavit and motion for summary judgment in that prior suit reflect that the judgment was based on fraud and misrepresentation, this entitles him to judgment as a matter of law that the debt is nondischargeable.

Defendant opposes summary judgment, saying that summary judgment in the prior suit was granted without an evidentiary hearing. Moreover, defendant, who appeared pro se, did not respond to the prior motion. Defendant argues that plaintiff's motion for summary judgment in the prior

suit was granted on the breach of contract issue, not that of fraudulent misrepresentations and, therefore, the bankruptcy court should determine the issue of dischargeability.

The foregoing presents us with a question of collateral estoppel, since plaintiff here relies upon a prior state court determination in seeking a summary judgment of nondischargeability in this court. The criteria which a party so relying must meet were set forth for this circuit in *Spilman v. Harley*, 656 F.2d 224 (6th Cir.1981), the court there holding:

> * * * before applying the doctrine of collateral estoppel, the bankruptcy court must determine if the issue was actually litigated and was necessary to the decision in the state court. To do this, the bankruptcy court should look at the entire record of the state proceeding, not just the judgment, [citations omitted], or hold a hearing if necessary.

*Id.* at 228.

Furthermore, the court stated:

> * * * the person asserting the estoppel has the burden of proving the requirements of estoppel have been met. [citations omitted]. If the state record does not show the issue was necessarily and actually litigated in the prior non-bankruptcy proceeding, collateral estoppel is inapplicable.

*Id.* at 229.

Being directed so to do by *Spilman*, we review the state court record. Plaintiff attaches three documents from that record to its motion, the complaint, its motion for summary judgment in the prior suit, and the judgment entry against the defendant in Hamilton County Municipal Court. The complaint has two counts. The first count alleges that defendant made misrepresentations to plaintiff and negligently installed the solar system, damaging plaintiff's property in the amount of $8,200.00. Count two alleges that the defendant falsely misrepresented the quality of the system and his skill to install the system and that defendant's actions were intentional and fraudulent.

The state court motion for summary judgment, attached to plaintiff's present motion, says in full:

## MEMORANDUM

Rule 56 O.R.C.P.

When the facts presented in the contract case are undisputed, whether they constitute a performance or a breach of a contract is a question of law for the Court to resolve. *Luntz v. Stern*, 135 O.S. 225, 14 O.Ops. 62, 20 N.E.2d 241. A person who has paid money upon a contract which has not beeen [sic] performed and who disaffirms that contract, and who brings an action to recover the money so paid, need not prove nonperformance. The burden is on the Defendant to show performance and no presumption exists that performance has been completed. *Means v. Jeffries*, Tappen 240 (280).

Where there is no genuine issue as to any material fact, a motion for summary judgment is properly granted. *NAFI Corp. v. American Arbitration Association*, 119 [Ohio] App. 125, 26 O.O.2d 74, 196 N.E.2d 598.

Based upon the attached affidavit and the applicable law, judgment should be entered in favor of the Plaintiff since no genuine issue of material fact remains unresolved.

The affidavit of the plaintiff attached to the state court summary judgment motion restates the allegations in the complaint of false representations on behalf of defendant and negligence in installing the system.

The judgment entry in that prior suit reads:

> For good cause shown, upon consideration of the motion for summary judgment, the affidavit thereto, the pleadings and the applicable law, this court finds the motion for summary judgment to be well founded and hereby grants judgment against the Defendant, Jerry Haskin, in the sum of $9,700.00, plus interest and court costs.

In response to the present motion for summary judgment, the defendant presents his affidavit in which he adds to our knowledge about the state court record. Defendant says that in the state court suit, he did not have an attorney, was unaware that he had to file a response to the motion for summary judgment filed in the Municipal Court suit, and no trial or evidentiary hearing was held in the state court. He also attaches to his response, the answer that he filed in the Municipal Court suit. That answer denies that he made misrepresentations to plaintiff, denies that he did anything intentionally wrong, denies doing anything fraudulent and asks that the suit be dismissed.

Since there is no dispute about the contents of the state record, we conclude there is no genuine issue of material fact on the collateral estoppel issue and go on to decide whether, based on this record, plaintiff is entitled to a judgment of nondischargeability as a matter of law.

For plaintiff here to be entitled to judgment, he must show that the elements of a fraud claim, or a willful and malicious injury claim, were actually litigated and, if actually litigated, were necessary to the decision in the state court. On this record, it is clear that neither such claim was actually litigated. There was no trial, and defendant, who appeared pro se, mistakenly believed that he need not file anything in opposition to the motion. The judgment in the state court was essentially one by default. In such circumstances, a bankruptcy court may not give preclusive effect to a state court judgment. *In re Czanik,* 51 B.R. 637 (Bankr.S.D. Ohio 1985); *In re Joseph,* 22 B.R. 319 (Bankr.E.D.N.Y.1982). In order to reach a contrary conclusion, a summary judgment proponent would have to show that an actual jury trial had occurred in the state court, as in *In re Caldwell,* 60 B.R. 214 (Bankr.E.D.Tenn.1986) or *In re Armstrong,* 54 B.R. 399 (Bankr.N.D. Ala.1985), or that there had been a trial to the court where the pertinent issues had been resolved by express findings of fact.

Accordingly, plaintiff's motion for summary judgment is denied.

So Ordered.