424 F.Supp. 1106 (1976)
In the Matter of David NADLER, Bankrupt.
In re Minette NADLER, Bankrupt.
Nos. 74-1312B(3-B), 74-1313B(3-B).
United States District Court, E. D. Missouri, E. D.
May 27, 1976.
*1107 James A. Eidelman, Clayton, Mo., for plaintiff.

MEMORANDUM
WANGELIN, District Judge.
This matter is before the Court on appeal from the Bankruptcy Court pursuant to Rule 806 of the Rules of Bankruptcy Procedure. The issues appealed are common questions to both bankrupts, David and Minette Nadler, husband and wife.
Bankrupts raise the following questions in their appeal:
1) Whether or not the Bankruptcy Court may go behind the allegations in a petition alleging fraud upon which a consent judgment is based to determine whether an obligation is dischargeable under Section 17(a) of the Bankruptcy Act.
2) Whether a consent judgment in a proceeding brought under Section 409.411 of the Missouri Uniform Securities Act can be used as the basis for denying a discharge under Section 17(a) of the Bankruptcy Act.
The disputed consent judgment arose in Laclede Finance Company v. David Nadler, et al., No. 73 C 44(1), settled on July 7, 1973. The same parties to that action are the parties in this appeal. The plaintiff, Laclede, brought a four count action alleging fraud and misrepresentation by the bankrupts to borrow money from plaintiff. This action was settled by consent of the parties with the bankrupts agreeing to Count II of the complaint and judgment awarded to the plaintiffs of $77,095, the balance of the unpaid debt. Count II of the complaint alleged violation of the Missouri Securities Act as well as a separate allegation for false and untrue statements. Count II also incorporated all the grounds for recovery stated in Count I which alleged violation of the Federal Securities Laws and pleaded the asserted fraudulent acts with particularity. This judgment debt is still owed to plaintiffs at the time of the Nadlers' bankruptcy petition. Plaintiffs came forward at the bankruptcy hearing and filed a complaint to determine this debt to be non-dischargeable as one arising from fraud, thereby within the exceptions listed in 11 U.S.C., § 35(a)2. The Bankruptcy Court held the debt to be nondischargeable and bankrupts bring this appeal.
The bankrupts attempt to demonstrate that their consent judgment was not based on fraud by going "behind" the judgment to determine the true nature of the obligation. In Re Nicholas, 510 F.2d 160 (10th Cir., 1975); cert. den. 421 U.S. 1012, 95 S.Ct. 2417, 44 L.Ed.2d 680 (1975); Thomas v. Crosby, 146 F.Supp. 296 (W.D.Mo., 1956); 1A Collier on Bankruptcy, par. 17.16[4], p. 1643-6. By following this rule of decision, the Bankruptcy Court determined the Nadlers had consented to numerous fraud allegations made by plaintiffs in the civil action, No. 73 C 44 (1). Upon review, this Court does not find the bankruptcy referee's findings of fact to be clearly erroneous. We agree with those fact findings that Count II expressly incorporated Count I (the Federal Securities allegations and pleadings of fraud with particularity) and several additional assertions made in Count II that the Nadlers representations were "deceptive and fraudulent". The Bankruptcy Court did not commit error when it looked behind the consent judgment and found fraud was the "gist and gravamen" of plaintiffs' action.
The Nadlers contend that the consent judgment obtained only evidences the debt and in no way admits any wrongdoing by them. The Bankruptcy Court pointed out the repeated instances in which the plaintiffs to the civil action pleaded fraudulent acts and representations by the Nadlers which were made the basis of the consent judgment signed in 1973. This Court agrees with the conclusion of the *1108 Bankruptcy Court and finds this agreement to be the equivalent of an admission by the Nadlers. As stated in A. D. Julliard Co. v. Johnson, 166 F.Supp. 577, 585 (S.D.N.Y., 1957) aff'd 259 F.2d 837 (2d Cir., 1958) cert. den. 359 U.S. 942, 79 S.Ct. 723, 3 L.Ed.2d 676 (1959), cited by the bankrupts,
"A statement by a party that he consents to a decree is equivalent to an admission that the facts exist on which the decree rests . . ."
The Bankrupts also contest the conclusion by the Bankruptcy Court that the consent judgment admitted fraud under the Missouri Securities Act, § 409.411 V.A.M.S. The Nadlers argue that liability under § 409.411 confesses only civil liability and that grounds for recovery for fraud must be pleaded specifically, Gales v. Weldon, 282 S.W.2d 522 (Mo.S.Ct., 1955). This Court agrees with bankrupts reading of the above cited case but finds Count II did allege several additional claims for recovery based on false representations and the specific assertions of fraud incorporated from Count I. Consequently, this Court need not decide whether a petition which pleads § 409.411 V.A.M.S. asks for a recovery based upon fraud. The record taken in the bankruptcy proceeding satisfies this Court that the consent judgment agreed to by the parties in 1973 was based upon fraud under both Federal law and State law.
For the above reasons, this Court affirms the decision of the Bankruptcy Court below that the Nadlers' judgment debt is nondischargeable under Section 17(a) of the Bankruptcy Act.