**In re George Louis SOULES, Jr., Debtor.**

**FABICK TRACTOR COMPANY, Plaintiff,**

**v.**

**George Louis SOULES, Jr., Defendant.**

Bankruptcy No. 38400477.
Adv. No. 3840074.

United States Bankruptcy Court, W.D. Kentucky.

June 4, 1985.

Lisa Koch Bryant, Louisville, Ky., for plaintiff.

Joseph J. Golden, Louisville, Ky., for defendant.

MEMORANDUM OPINION

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

This matter comes before us upon the complaint of the Fabick Tractor Company's (Fabick) complaint for nondischargeability of a debt under § 523(a)(6). Two issues are presently before the court: (1) whether this nondischargeability action is barred by the Kentucky statute of limitations on conversions; and (2) whether the doctrine of res judicata prevents Fabick from bringing its § 523 complaint. We begin our consideration of this case with a brief discussion of the facts.

In June of 1977, Fabick filed suit against the debtor's company and a Joseph Pomponio, a one time employee of the debtors firm. The debtor aided Fabick in its suit by giving them an affidavit dated May 19, 1977 on the issues involved in that action.

Approximately one year later Fabick amended its lawsuit to include the debtor as a defendant. The suit alleged, in part, that the debtor converted property which Fabick either owned or had an interest in. In November of 1978, the debtor and Fabick entered into an agreed judgment. Fabick agreed to accept $136,000 in full satisfaction of its claims against the debtor and his business. The debtor immediately paid Fabick $60,000 and agreed to dismiss his counterclaim against Fabick. No mention as to what form of damages this sum represented was made in this Agreed Judgment. In March of 1984, the debtor filed for relief under the provisions of the U.S. Bankruptcy Code. Shortly thereafter Fabick commenced the present adversary proceeding.

\* \* \*

■ The debtor initially argues that the present nondischargeability complaint is barred by Kentucky's five-year statute of limitations. Section 558 [formerly § 541(e)] of the U.S. Bankruptcy Code allows the estate to use any defense which the debtor could use against an entity, including statutes of limitations. This contention is without merit. In November of 1978, well within the five-year statutory period, the debtor entered into a consent judgment with Fabick which settled the lawsuit Fabick had filed against the debtor for the alleged conversion of Fabick's property. If Fabick had waited until the debtor had filed for bankruptcy to press his conversion tort action against the debtor, the defense of the statute of limitations would prevail. However what this court is called upon in this case to determine is the true nature of the debtor's obligation to Fabick. A nondischargeability complaint such as this cannot be barred by the statute of limitations unless a suit for the underlying debt would itself be time barred.

■ The debtor also argues that the instant action is barred by the doctrine of res judicata.[1] We find this contention also to be without merit. As the 6th Circuit Court of Appeals stated in the case of *Spilman v. Harley:*

> The Supreme Court in *Brown [v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979)] ... held that a bankruptcy court was not precluded by res judicata from considering extrinsic evidence on an issue which would have been litigated in the prior state court proceeding but was not ... *The Court rejected res judicata in a dischargeability proceeding.* It reasoned that where the issues in state court were not identical to those in the bankruptcy proceeding, the parties would have little incentive to litigate them and that an express ruling on dischargeability questions would undermine the congressional intent to vest [exclusive] jurisdiction within the bankruptcy courts [to make nondischargeability determinations governed by 11 U.S.C. § 523(c)].[2] [emphasis added]

In conclusion, we find that Fabick's Section 523(a)(6) nondischargeability complaint is not barred by either the Kentucky statute of limitation on actions for conversion or by the doctrine of res judicata. An appropriate order reflecting these findings and setting a date for a pretrial conference on this matter will be entered by the court.

---

1. Since the question of whether the debtor "willfully and maliciously" injured Fabick was not actually litigated in the state court action the doctrine of collateral estoppel cannot apply. *Spilman v. Harley,* 656 F.2d 224, 228 (6th Cir. 1981).

2. *Id.* at 226. *See also Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *Matter of Pigge,* 539 F.2d 369, 371 (4th Cir.1976).