836 F.2d 549
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CRAWFORD CORPORATION and Crofton Corporation, Plaintiffs-Appellees,
v.
W. Hamilton CRAWFORD and Lillian W. Crawford, Defendants-Appellants.
 o. 87-5123.
 United States Court of Appeals, Sixth Circuit.
 Dec. 31, 1987.
 
 Before MERRITT, KRUPANSKY, and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This case presents the single question of what rate to apply to an unsecured judgment creditor's claim for post-petition interest when the liquidating chapter 11 debtor becomes solvent after his proposed plan has been confirmed. We hold that the district court and the bankruptcy court erred by failing to find that the parties were bound by our holding in Crawford Corp. v. W. Hamilton Crawford & Lillian W. Crawford, No. 84-5159 (6th Cir. May 16, 1985) (per curiam), which affirmed the district court's determination that the Crawfords were entitled to the rate of interest which Tennessee law allows on judgments.
 
 
 2
 Until 1974, appellant-debtors W. Hamilton and Lillian Crawford were the majority shareholders of the appellee-debtor Crawford Corporation. In 1974, Kemmons Wilson decided to buy the Corporation. To that end, he agreed to purchase the Crawfords' stock as follows: Wilson would buy one-third of the stock and the Crawford Corporation would redeem two-thirds of the stock. It was agreed that the Crawfords would take promissory notes from the Corporation to the extent that corporate cash was unavailable to completely redeem their stock. The notes stated that they would bear interest at the rate of four percent, although a side agreement limited the amount of interest the Corporation actually paid to $80,000.
 
 
 3
 The Corporation defaulted on its obligation when the notes matured in 1977 and thereafter brought an action for a declaratory judgment in district court, seeking to avoid liability on various theories. On December 23, 1980, the district court entered judgment on the principal amount of the notes in favor of the Crawfords. On December 24, 1980, the Corporation filed a petition in bankruptcy fore reorganization under 11 U.S.C. Sec. 1101, et seq. The bankruptcy court then lifted the automatic stay of 11 U.S.C. Sec. 362 to allow the parties to appeal the district court's judgment.
 
 
 4
 On appeal, we affirmed the district court's decision but remanded for consideration of the Corporation's claim that Mr. Crawford had breached a fiduciary duty to it. Crawford v. Wilson, 693 F.2d 606 (6th Cir.1982), cert. denied, 461 U.S. 931 (1983). On remand, the district court entered judgment for the Crawfords and subsequently granted their motion to modify their December 23, 1980 judgment by including a provision for interest. The court determined that under 28 U.S.C. Sec. 1961, as it read when the 1980 judgment was entered, the Crawfords were entitled to recover interest at the rate which Tennessee law allows on judgments. On appeal, we affirmed that holding. Crawford Corp. v. W. Hamilton Crawford & Lillian W. Crawford, No. 84-5159 (6th Cir. May 16, 1985) (per curiam). We denied the Corporation's subsequent petition for rehearing.
 
 
 5
 The Corporation then filed a second proposed plan of reorganization which was accepted by the Crawfords and confirmed by the bankruptcy court on February 28, 1986. The plan provided that the class of creditors which included the Crawfords, Class V, would initially be paid one-half of the principal amount of their claims and that
 
 
 6
 [t]he remaining principal amount of Class V Creditors' claims, plus any accrued interest, if applicable, shall be liquidated in full either by the payment of the Net Proceeds resulting from the sale of the remaining assets of the Debtor to such Class V Creditors or by the transfer of the remaining assets of the Debtor to such Class V Creditors.
 
 
 7
 The Corporation subsequently liquidated certain properties and, after paying all claims in full, realized a surplus of funds. The Crawfords brought a claim for post-petition interest and the bankruptcy court, relying upon its inherent equitable powers, awarded interest at the rate of four percent. On appeal, the district court reversed the bankruptcy court's use of its equitable powers and held that the Crawfords were entitled by law to interest at the rate of four percent under 11 U.S.C. Secs. 726(a)(5) and 1129(7)(A)(ii).
 
 
 8
 We affirm the district court's determination that the Crawfords are entitled by law to interest at the rate of four percent, but find it unnecessary to rely upon the Bankruptcy Code to reach our conclusion. Section 1129(a)(7) provides that a proposed plan of reorganization will be confirmed if--
 
 
 9
 (7) With respect to each class--
 
 
 10
 (A) each holder of a claim or interest of such class--
 
 
 11
 (i) has accepted the plan; or
 
 
 12
 (ii) will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date....
 
 
 13
 A creditor in a chapter 7 liquidation must be paid interest on his claim "at the legal rate" before the debtor is allowed to retain any surplus of funds. 11 U.S.C. Sec. 726(a)(5) and (6). The district court held that the Crawfords would have been entitled to receive interest under Sec. 1129 had the Corporation liquidated its assets under chapter 7. The district court then determined that the applicable "legal rate" under chapter 7 was four percent as provided in Sec. 47-14-121 of Tennessee's Interest Act of 1979, Tenn.Code Ann. Sec. 47-14-101 et seq. (1984 & 1987 Supp.).
 
 
 14
 The district court's reliance on Secs. 1129 and 726 is misplaced. A chapter 7 liquidation analysis only applies under Sec. 1129 when a creditor has not accepted the debtor's proposed plan. See, e.g., In re Arnold, 806 F.2d 937, 939-40 (9th Cir.1986). The Crawfords accepted the Corporation's second proposed plan and took no appeal from the bankruptcy court's confirmation order. In addition, the bankruptcy court did not attempt to place a value on the debtor's estate as of the effective date of the plan.
 
 
 15
 The issue of the applicable interest rate on the Crawfords' judgment was settled by this court in our 1985 per curiam opinion affirming the district court's holding that the appropriate rate is determined by Tennessee law. The debtor's confirmed plan of reorganization provides for payment of "any accrued interest, if applicable...." We have previously determined that interest applies to the judgment under Tennessee law and the parties are estopped from claiming otherwise. "Collateral estoppel requires that the precise issue in the later proceedings have been raised in the prior proceeding, that the issue is actually litigated, and that the determination was necessary to the outcome." Spilman v. Harley, 656 F.2d 224, 228 (6th Cir.1981). Thus, we need only look to Tennessee law to determine the applicable rate.
 
 
 16
 The district court correctly held that under the facts of this case, Tennessee law would provide for a four percent interest rate. Section 47-14-121, Tenn.Code Ann. (1984) provides:
 
 
 17
 Interest on judgments, including decrees, shall be computed at the effective rate of ten percent (10%) per annum, except as may be otherwise provided or permitted by statute; provided, however, that where a judgment is based on a note, contract or other writing fixing a rate of interest within the limits provided in Sec. 47-14-103 for that particular category of transaction, the judgment shall bear interest at the rate so fixed.[1]
 
 
 18
 Here, the Crawfords' judgment is based on notes which fixed the rate of interest at four percent. The limitation on maximum effective rates in Tenn.Code Ann. Sec. 47-14-103 is inapplicable. Further, the parties' side agreement limiting interest payments on the notes to $80,000 does not alter the rate which is specifically fixed in the notes. Thus, the Crawfords are entitled under Tennessee law to post-petition interest on their claims at the annual rate of four percent.
 
 
 19
 The Corporation's contention that the transitional rule of Tennessee's Interest Act, 1979 Tenn.Pub. Acts Sec. 27, ch. 203, renders Sec. 47-14-121 inapplicable to the Crawfords' 1980 judgment is without merit. The rule provided that:
 
 
 20
 Transactions entered into before the effective date of this Act may be completed in compliance with prior law.
 
 
 21
 Prior to passage of the Act, Tennessee law provided for a uniform interest rate on judgments, regardless of whether the judgment was based on a note which stated a different interest rate. However, the transitional rule applies only to "transactions" and is inapplicable to judgments. A judgment is not a consensual transaction and the expectations accompanying a commercial contract do not factor in a judgment. The fact that the notes were issued in 1977 is immaterial for purposes of applying Sec. 47-14-121 to a judgment entered in 1980.
 
 
 22
 We therefore REVERSE the district court's determination that the appellants are entitled to post-petition interest under the Bankruptcy Code and AFFIRM the district court's award of post-petition interest at the annual rate of four percent as fixed in the notes.
 
 
 23
 MERRITT, Circuit Judge, concurring.
 
 
 24
 In light of the arguments presented on appeal by the judgment-creditor appellants, I believe that the Court's disposition of this case is appropriate. The judgment creditors based their arguments on appeal not on any contrary result required by the application of any federal statute or doctrine applicable to interest on judgments but rather only on the terms of the Tennessee post-judgment interest statutes. Appellees in turn have not cross-appealed on grounds that there should be no post-judgment interest at all or that the four percent interest rate determined by the District Court is otherwise incorrect.
 
 
 25
 In view of this posture on appeal, I believe the Court is correct to confine its discussion simply to the meaning of the Tennessee statutes. Thus we do not have before us any issues concerning the applicability or effect of 28 U.S.C. Sec. 1961, or of several arguably relevant Bankruptcy Code sections including 11 U.S.C. Secs. 502(b)(2), 506(b), 736(a)(5), 1129(a)(7), and 1129(a)(9)(c). See 3 Collier on Bankruptcy p 502.02.
 
 
 
 [1]
 When the appellants' original judgment was entered on December 23, 1980, Sec. 47-14-121 provided for interest on judgments at the annual rate of eight percent. The rate was raised to ten percent by amendment on July 1, 1981