**In re CARLIN INVESTMENT CO., Debtor.**

**John HUNTER, Trustee, Plaintiff,**

**v.**

**James R. CANNALEY, et al., Defendants.**

**Bankruptcy No. 89–0118.**
**Related Case: 83–00410.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Aug. 6, 1991.

David R. Pheils, Jr., Dale R. Crandall, Perrysburg, Ohio, for plaintiff.

John M. Curphey, Thomas A. Gibson, Holly J. Wilson, Toledo, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Defendant's Motion for Summary Judgment. The Defendant challenges whether the Trustee should be allowed to reach the Defendant's assets in order to satisfy the debts and obligations of the Debtor due to res judicata principles and the running of the statute of limitations. The Court has reviewed the written arguments of counsel, the relevant case law, as well as the entire record in this case. Based upon that review and for the following reasons, the Court finds that the Defendant's Motion for Summary Judgment should be denied on both counts.

## FACTS

There were four court proceedings involving this case. Cases one and four were Federal Bankruptcy cases. Cases two and three were state court cases. Case one was initiated on March 7, 1983, when Carlin Investment Company, Defendant, was forced into involuntary Bankruptcy by its secured creditors. Case two was a state court proceeding (case number 83–2683) involving state statutory issues and was commenced on October 31, 1983. On August 6, 1984, all parties consented to the jurisdiction of the Bankruptcy court to hear all matters referred to in case two. Case two was then dismissed by the state court without prejudice on January 23, 1985. Case three was also a state court proceeding (case number 85–0704) involving state statutory issues and was commenced on March 15, 1989. Case four was a bankruptcy adversary (case number 89–0118) involving an attempt by the Plaintiff, Marguerite Hall, and Trustee, John Hunter, to reach the Defendant's assets in order to satisfy the debts and obligations of the Debtor. Case four was commenced on June 15, 1989, and was stayed pending a ruling in the state court on case three. On April 21, 1989, case three was dismissed. The same case was appealed and affirmed on May 18, 1990. The stay on case four was then removed and is now before the Bankruptcy Court.

## LAW

■ Res judicata operates as a bar to raising an issue in a subsequent court proceeding provided that the issue was raised or could have been raised in the previous action and that:

1) the prior judgment was a final judgment on the merits;

2) the prior judgment was entered by a court of competent jurisdiction; and
3) the same cause of action and the same parties are involved.

*Miller v. Meinhard Commercial Corp.,* 462 F.2d 358, 360 (5th Cir.1972); *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Both the *Miller* requirement that the issue was raised or could have been raised in a previous action and all elements of the *Allen* three prong test must be met in order for an issue to be barred by res judicata. This Court does not believe that res judicata is applicable to the case at bar.

■ The primary element of res judicata requires that the issues in question were raised or could have been raised in the previous action. *Miller,* 462 F.2d at 360. Because the state court does not have jurisdiction over bankruptcy issues, the bankruptcy issues could not have been raised in the state court proceeding absent relinquishment of the bankruptcy court's jurisdiction. "The power to determine dischargeability was granted to the bankruptcy courts by the 1970 Amendments to the Bankruptcy Act." *Spilman v. Harley,* 656 F.2d 224, 226 (1981). Congress intended to take the determinations governed by 11 U.S.C. Section 523(c) away from the state courts and grant exclusive jurisdiction to the bankruptcy courts. *Id.* As a result, bankruptcy issues would not fall into the state court's jurisdiction. The bankruptcy court did not abdicate its jurisdiction in the case at bar. Therefore, the state court decision does not have a preclusive effect over the bankruptcy issues.

The *Allen* test does not support the Defendant's theory that res judicata operates as a bar in the present case. The first prong of the *Allen* test has been met. The state court entered a final judgment on the merits of the case. Those findings of the Court of Common Pleas of Lucas County, Ohio were: 1) there was no fiduciary relationship between Hall and Carlin; 2) there was no duty to inform Hall of Carlin's merger with Newton; 3) there was no misrepresentation to Hall regarding the future status of Newton; 4) no conspiracy existed to defraud Hall; and 5) no fraudulent transfer of assets was made to Carlin.

*Hall v. Cannaley,* No. L–89–153, 1990 WL 65383 (App.Ct. Ohio May 18, 1190) (Westlaw, Ohio database, caselaw file).

The second prong of the *Allen* test has also been met. No bankruptcy issues were raised or addressed by the state court. Only state statutory claims were addressed. Therefore, the state court was a court of competent jurisdiction on all counts addressed in the state court action.

The third prong of the *Allen* test requires that the same cause of action and the same parties be involved in both cases. Herein lies the difficulty. Although all of the parties in the bankruptcy case were also parties in the state court proceeding, the causes of action differ. The Plaintiff's complaint at bar involved five counts. Counts 1 and 2 involved a fraudulent representation in the relief from stay and abandonment which are both issues which fall in the jurisdiction of the Bankruptcy court. Counts 3 and 4 involved preferential transfers, which are wrongs defined by the Bankruptcy Code and are therefore within the jurisdiction of the Bankruptcy Court. Count 5 was an action to reach the assets of the Defendant's in order to satisfy the debts and obligations of the debtor.

In the state court, the claim involved an allegation based upon Ohio statutes and is in relation to the transferring of assets as a result of fraudulent information allegedly given to Hall. This differs from the Bankruptcy definition of a fraudulent transfer because in Bankruptcy, fraudulent transfers refer to the transferring of assets within a specified time before filing for Bankruptcy. *See* 11 U.S.C. § 548. Even though the two causes of action arise out of the same nexus of facts, Hall's selling of his stock, the causes of action are not the same. One cause of action is based upon state statutory grounds, while the other cause of action is based upon the Bankruptcy Code. Therefore, res judicata does not bar the subsequent action in the Bankruptcy Court.

■ The Defendant's second claim in his Motion for Summary Judgment alleges that the statute of limitations has run. Over six years has passed between the

964

filing of the bankruptcy petition and the filing of the present complaint. However, the Defendant neglected to note that the statute of limitations was tolled when the bankruptcy court stayed its proceedings pending decision of the proceedings in the state court. Therefore, the Defendant's statute of limitations claim is without merit.

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether they are specifically mentioned in this opinion.

Accordingly, it is

ORDERED that the Defendant's Motion for Summary Judgment be, and is hereby, Denied.

It is FURTHER ORDERED that this matter be, and is hereby, set for further Pre-trial on Wednesday, August 21, 1991, at 1:00 P.M. in Courtroom No. 2, Room 119, United States Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio.