NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0362n.06
Filed: May 23, 2006

No. 05-5808

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| **BRENDA SLONE McGEE,** | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellant*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF KENTUCKY |
| | ) | |
| **THOMAS WAYNE MARCUM**, | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellee*. | ) | |

BEFORE:    **DAUGHTREY**, **McKEAGUE,** Circuit Judges; and **McCALLA**.[*]

**McKEAGUE**, **Circuit Judge**. Plaintiff-appellant Brenda Slone McGee appeals the district court's decision upholding the bankruptcy court's finding that her judgment against defendant is a dischargeable debt under the bankruptcy code. For the reasons that follow, the order of the district court is affirmed.

## I. BACKGROUND

On November 9, 1989, James Slone died in a "roof-fall" accident while working at a coal mine co-owned and operated by defendant, Thomas Wayne Marcum. Following Slone's death, defendant pleaded guilty to criminal charges for violations of the Federal Mine Safety and Health

_____

[*]The Honorable Jon P. McCalla, United States District Judge for the Western District of Tennessee sitting by designation.

Act ("FMSHA"), 30 U.S.C. § 820(d) (dealing with willful violations of mandatory health and safety standards) on November 10, 1993.

Plaintiff, acting individually and as Marcum's executrix, brought a wrongful death action against the defendant and others, alleging negligence and gross negligence. Following trial in Floyd Circuit Court, Floyd County, Kentucky, the plaintiff was awarded a judgment in the amount of $1,255,559.20 on April 11, 2002. On December 19, 2003, defendant filed for Chapter 7 bankruptcy. Plaintiff filed an adversary proceeding on March 19, 2004, challenging the discharge of the judgment pursuant to 11 U.S.C. § 523(a)(6). The bankruptcy court granted the defendant's motion for summary judgment, finding that there was no evidence in the record that defendant intentionally injured Slone. Plaintiff appealed this decision to the district court. The district court affirmed the ruling of the bankruptcy court on April 20, 2005. This timely appeal followed.

## II. JURISDICTION

The district court exercised jurisdiction pursuant to 28 U.S.C. 158(d) following the bankruptcy court's entry of the dismissal of plaintiff's adversary proceeding on August 12, 2004. This court has jurisdiction pursuant to 28 U.S.C. § 1291, because the district court entered a final decision when it affirmed the bankruptcy court's dismissal on April 20, 2005.

This court reviews an order granting summary judgment *de novo*. *Johnson v. Karnes,* 398 F.3d 868, 873 (6th Cir. 2005). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The "mere existence of some alleged factual dispute between the

parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis added); *see also Weaver v. Shadoan*, 340 F.3d 398, 405 (6th Cir. 2003). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. The court must evaluate each party's motion on its own merits and "draw all reasonable inferences against the party whose motion is under consideration." *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994) (quoting *Taft Broad. Co. v. U.S.*, 929 F.2d 240, 248 (6th Cir. 1991). When reviewing a summary judgment decision, an appellate court must confine its review of the evidence as submitted to the district court. *McClung v. Wal-Mart Stores, Inc.*, 270 F.3d 1007, 1011 (6th Cir. 2001).

## III. ANALYSIS

Plaintiff brings three issues on appeal. First, she claims that there is a genuine issue as to whether the actions of Marcum, which resulted in the death of James Slone, were willful and malicious pursuant to 11 U.S.C. § 523(a)(6). Second, she alleges that the bankruptcy filings do not properly indicate the value of the appellee's property, and third, she asserts the bankruptcy should have been converted to a Chapter 13 proceeding.

### A. "Willful and Malicious Injury"

Under 11 U.S.C. § 523(a)(6), a debt must be the result of a "willful and malicious injury" in order to be nondischargeable in bankruptcy. In this case, both the bankruptcy court and the district court found that plaintiff's judgment was not for a "willful and malicious injury." The courts

below found that defendant incurred this debt as a result of negligent and/or grossly negligent behavior, and found the debt to be dischargeable.[1]

Plaintiff contends that there is a genuine issue of material fact as to whether the actions of defendant were "willful and malicious" as described in 11 U.S.C. § 523(a)(6). She asserts that defendant was convicted of willfully violating the FMSHA, and this conviction shows that defendant "acted wantonly against what any person of reasonable intelligence would know to be his duty." *See id.* Plaintiff claims that, according to *Tinker v. Colwell*, 193 U.S. 473 (1904), malicious intent may be inferred where a party has acted wantonly against what any man of reasonable intelligence must have known to be contrary to his duty. *Id.* at 486-87. Relying on *Tinker*, plaintiff claims that defendant's malicious intent can be inferred from his extensive background in the coal mining industry, his prior knowledge and recognition of the hazardous mining conditions, and his ensuing direction to Slone to work in these unsafe conditions.

The district court properly affirmed the bankruptcy court's discharge of the debt. The governing statute states, in relevant part:

> a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
>
> * * *
>
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

---

[1]The Supreme Court has ruled that res judicata does not apply to dischargeability proceedings in a bankruptcy court. *Brown v. Felsen*, 442 U.S. 127, 132 (1979). Thus, the state court judgment finding Marcum liable for negligence and gross negligence does not end the "willful and malicious injury" inquiry under the Bankruptcy Act. However, collateral estoppel may be asserted in a bankruptcy proceeding. *Spilman v. Harley*, 656 F.2d 224, 228 (1981). Marcum has not asserted estoppel in this case.

11 U.S.C. § 523(a)(6). The Supreme Court interpreted this provision of the code in *Kawaauhau v. Geiger,* 523 U.S. 57 (1998). In *Geiger*, the Court ruled that a debt arising from a medical malpractice judgment, which sounded in negligent or reckless conduct, did not fall within the statutory exception of 11 U.S.C. § 523(a)(6). *Id*. at 63-64. In so deciding, the Supreme Court stated:

> the word "willful" in (a)(6) modifies the word "injury," indicating that nondischargeability takes a deliberate or intentional *injury,* not merely a deliberate or intentional *act* that leads to injury. Had Congress meant to exempt debts resulting from unintentionally inflicted injuries, it might have described instead "willful acts that cause injury." Or, Congress might have selected an additional word or words, *i.e.,* "reckless" or "negligent," to modify "injury."

*Geiger* 523 U.S. at 57 (1998). Here, the conduct that led to Slone's death was not the result of a "willful injury." Even though defendant pleaded guilty to a willful violation of the FMSHA, there is no evidence in the record, nor does plaintiff allege, that defendant desired to injure Slone. As the district court noted, "[a] willful act is not the same thing as a willful injury." *In re: Marcum,* No. 04-496, slip op. at 4 (E.D. Ky. April 20, 2005) (hereinafter "slip op.").

The plaintiff claims that *Geiger* is distinguishable from the facts here, because the action in *Geiger* sounded in medical malpractice, and the defendant here pleaded guilty to criminal violations of a federal statute specifically intended to prevent the type of injury that happened to Slone. This argument is unavailing, however, because the proper inquiry under *Geiger* is whether the defendant inflicted a willful injury on the plaintiff. There is no evidence in the record to support the contention that Marcum willfully injured Slone.

The Sixth Circuit applied *Geiger* in *In re Markowitz*, 190 F.3d 455, 464 (6th Cir. 1999). In

*Markowitz*, the plaintiff attempted to have his judgment against Markowitz for attorney malpractice deemed nondischargeable. Relying on *Geiger*, this court stated we "hold that unless 'the actor desires to cause the consequences of his act, or . . . believes that the consequences are substantially certain to result from it,' he has not committed a 'willful and malicious injury' as defined under § 523(a)(6)." *Id.* at 464 (citations omitted). The language used in *Markowitz* tracks the Restatement (Second) of Torts definition of an intentional tort. *See* Rest. 2d Torts § 8A.

Here, the district court applied *Geiger* and *Markowitz*, finding no issue of material fact as to whether Marcum committed an intentional tort. The allegations in the plaintiff's brief, including Marcum's knowledge of the dangerous conditions in the mine, and his willful violations of the FMSHA, do not rise to the level of intent required for an intentional tort. There is no evidence in the record that Marcum desired, intended, or was substantially certain that Slone's death would occur. The plaintiff never asserted any claim for an intentional tort, and the judgment against Marcum is for negligence and gross negligence only. Even though Marcum pleaded to a willful violation of the FMSHA, this does not equate to the "willful injury" requirement enunciated in *Geiger*. Thus, there is no issue of material fact as to whether Marcum's actions caused a "willful and malicious injury" as required by § 523(a)(6) and as interpreted by *Geiger* and *Markowitz*.

**B. Valuation of Appellee's Property**

The district court found that this issue was not included in the order entered by the bankruptcy court on August 12, 2004, and therefore, the issue was not properly before the district court. In fact, the plaintiff did not raise the issue in the adversary proceedings before the bankruptcy court. The issue is not properly before this court.

## C.  Chapter 13

Likewise, plaintiff's assertion that the bankruptcy should have been converted to a Chapter 13 bankruptcy was not presented to the bankruptcy court, nor is it discussed in the district court opinion.  Further, plaintiff cites no legal authority in support of this proposition.  The issue is not properly before this court.

## V.  CONCLUSION

For the aforementioned reasons, the ruling of the district court is **AFFIRMED.**