LAWHORN *et al. v.* WELLFORD *et al.*

(*Nashville,* December Term, 1942.)

Opinion filed February 27, 1943.

LIVINGSTON & VINEYARD, of Memphis, for appellant B. R. Wellford.

R. H. STICKLEY and PAUL G. HYMAN, both of Memphis, for appellees.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The bill in this case was brought by the complainant, describing himself as agent of the First National Bank of Memphis, executor of the estate of Leonard Lawhorn, to reach the equitable interest of defendant Wellford in certain real estate in Memphis. This property was encumbered and the trustees and beneficiaries of the mortgages were likewise named as defendants. There was a decree for the complainant below, from which defendant Wellford was granted an appeal.

The bill alleged that in 1933 the complainant herein, describing himself in the same way, had recovered a judgment against defendant Wellford for $1,552.50. That execution had issued on such judgment and had been returned *nulla bona*. That the judgment was wholly unsatisfied and remained due with interest. That the real estate described in the bill belonged to defendant

Wellford, subject to named encumbrances, and that Wellford's equitable interest in the real estate largely exceeded the amount of the liens and, as stated above, it was sought to subject this equitable interest to the payment of the judgment. It was further alleged that Wellford had no property subject to execution at law.

To this bill the holders of the liens filed answer, assessing their prior claims, and in general submitting their rights to the protection of the court.

Defendant Wellford demurred to the bill making the point by his demurrer that in the old suit and the present one the complainant sued as agent of the First National Bank of Memphis, executor of Leonard Lawhorn's estate, and submitting that an executor had no legal authority to appoint an agent to sue or take judgment in his name as agent for such executor, insisting that for this reason the judgment sued on was void.

The chancellor overruled this demurrer and thereupon defendant Wellford filed a motion calling upon complainant to show his authority for bringing suit as agent for the First National Bank of Memphis as executor of Leonard Lawhorn. The court required complainant within ten days to show "his right and authority to use in this suit the name of the First National Bank of Memphis, Executor of the estate of Leonard Lawhorn, or authority otherwise to prosecute this suit," under penalty of dismissal.

In response to this order complainant filed a certified copy of the chancellor's decree in the original case as heretofore set out; the note of defendant Wellford payable to L. Lawhorn, which note was endorsed "Without recourse, pay to the order of John Lawhorn, Agent. The First National Bank of Memphis, Executor, Estate of Leonard Lawhorn, by Troy Beatty, Jr., Trust Officer;"

a paper signed by the distributees under the will of Leonard Lawhorn appointing complainant John Lawhorn their agent and attorney in fact and requesting the First National Bank of Memphis to turn over to John Lawhorn all the assets of the estate of Leonard Lawhorn belonging to them, and reciting that John Lawhorn's receipt would be a complete acquittance to the executor.

In pursuance of another order of the chancellor, the bill herein was amended, all the above named parties, being all those interested in the estate of Leonard Lawhorn, joining as complainants in the bill. In this amended bill the history of the note of defendant Wellford to Leonard Lawhorn was recited, the qualification of the First National Bank of Memphis as his executor, that the Bank was unable to collect the note from Wellford, and that in order to enable the Bank to wind up the estate and be discharged, all the parties interested authorized the Bank to turn the note involved over to complainant John Lawhorn as agent.

Defendant Wellford made another motion to dismiss the bill and the amended bill on the grounds stated in his demurrer, and for the further reason amendment showed the Bank had ceased to be executor prior to the date on which the original suit was filed and to have had no authority as executor to constitute John Lawhorn its agent at that time. At the same time the motion to dismiss was filed, a demurrer covering pretty much the same ground as the motion was filed by defendant Wellford. The chancellor overruled the motion and the demurrer and permitted defendant Wellford to appeal.

We think the chancellor rightly overruled the motion to dismiss and the demurrer. Indeed, under proper practice, the chancellor might have refused to entertain

any of the technical defenses interposed to the satisfaction of the judgment here involved.

Defendant Wellford treats this suit as though it was one brought by Lawhorn for the use of the First National Bank of Memphis or by the Bank for the use of Lawhorn. As hereinafter set out, we think the suit is not of this nature—neither this suit nor the original suit. If it were a suit of that character, however, the time for questioning the authority of Lawhorn to sue for the use of the Bank or the Bank to sue for the use of Lawhorn has long since passed.

It is very well settled under our practice that the right of one person to sue for the use of another cannot be called in question by plea or by evidence on the hearing but only by a preliminary rule promptly made. *Cage* v. *Foster,* 13 Tenn. (5 Yerg.), 261, 26 Am. Dec., 265; *Lynn* v. *Glidwell,* 16 Tenn. (8 Yerg.), 1; *East Tennessee, G. & V. Railroad* v. *Henderson,* 69 Tenn. (1 Lea), 1.

In *Cage* v. *Foster, supra,* the suit was brought by Foster for the use of one Bowman. Defendant pleaded the general issue. The right of Bowman to sue in Foster's name was submitted by the court to the jury. This was held to be error and this court said the defendant should have made the question by affidavit and obtained a rule on Bowman to show authority to sue in Foster's name.

In *Lynn* v. *Glidwell, supra,* the defendant attempted by a plea to challenge the authority of one Dowland to sue in Lynn's name. There was demurrer to this plea, which was overruled. This court reversed the judgment, sustained the demurrer, and rendered judgment for the plaintiff.

In *East Tennessee, G. & V. Railroad* v. *Henderson, supra,* in Judge COOPER's opinion, the two cases just referred to were approved. His opinion, however, was a

concurring opinion, and the majority·opinion was rested on a different ground.

In *Wright* v. *McLemore,* 18 Tenn. (10 Yerg.), 235, the earlier cases were expressly approved.

█ It appears that in the original suit where the judgment sued on was obtained, defendant Wellford was duly served with process, a *pro confesso* entered against him, and later a final decree. There was no preliminary motion by Wellford, nor indeed any other defense made by him in the first case.

"A judgment taken by default is conclusive by way of estoppel in respect to all such matters and facts as are well pleaded and properly raised, and material to the case made by declaration or other pleadings, and such issues cannot be relitigated in any subsequent action between the parties or their privies." *Taylor* v. *Sledge,* 110 Tenn., 263, 75 S. W., 1074, 1075.

█ The authority of John Lawhorn to sue as agent of the First National Bank of Memphis as executor of the estate of Leonard Lawhorn was a matter obviously · set out by the bill in that case. Such authority was challenged by no motion or rule. The right to make the question would have been waived by answer filed. Certainly the right to make such question must be regarded as waived when no defense whatever was interposed, final judgment permitted, and the question is sought to be raised in a collateral attack on that judgment.

Without resorting to technicalities, however, if we consider the merits, we arrive at the same result.

█ Certainly under the circumstances we have heretofore detailed, the Bank as executor of Leonard Lawhorn had a right to endorse and transfer this note to John Lawhorn, Agent, or to John Lawhorn.

It is quite uniformly held by this court, prior to the enactment of the Negotiable Instruments Law, that although the name of a party appearing on such instrument was followed by the words agent, trustee or executor, or agent of A, or executor of B, that these words would be regarded merely as descriptive of his person, and not as affecting his rights concerning or his liability on the instrument. *Wilson* v. *M. E. Zion Church,* 138 Tenn., 398, 198 S. W., 244; *Bank* v. *Looney,* 99 Tenn., 278, 42 S. W., 149, 38 L. R. A., 837, 63 Am. St. Rep. 830; *Boyd* v. *Johnston,* 89 Tenn., 284, 13 S. W., 804; *East Tenn. Iron Mfg. Co.* v. *Gaskell,* 72 Tenn. (2 Lea), 742.

Under section 20 of the Negotiable Instruments Law, Code, section 7344, where a person adds to his signature words indicating that he signs on behalf of his principal or in a representative capacity and discloses his principal, he is exempt from personal liability. If he fails, however, to disclose his principal he is not so exempt and the bare word agent or trustee or the like would still be treated as *descriptio personae.*

This note having been endorsed to ''John Lawhorn, Agent,'' he had the right to sue on it in his own name. It was altogether unnecessary for him to describe himself as agent for anybody when he brought the original suit. Having described himself in that bill as agent of First National Bank of Memphis, executor of the estate of Leonard Lawhorn, it was doubtless conventional procedure to take judgment under the same title and in suing on that judgment to sue under the same title or description as was done herein.

''If words added to plaintiff's name in the title of the cause are merely *descriptio personae* and do not make the action one by him in a representative capacity,

the judgment is properly in his favor individually. And the mere fact that a descriptive word or title is added to a party's name in the judgment does not make it a judgment for or against him in the capacity indicated unless from the record it appears that he was a party in that capacity. Thus it has been held that the addition of the word executor, or treasurer, or tax collector, or sheriff, does not prevent the judgment from being a purely personal one.'' Freeman on Judgments, Fifth Edition, Vol. 1, p. 204.

The foregoing is fully supported by the decisions cited by Mr. Freeman.

■ Since the words following the name John Lawhorn may be taken as merely descriptive of his person, they may likewise be ignored, and the circumstance that he was improperly described by such words is not material. The original judgment may be treated as a personal judgment in favor of John Lawhorn and the present suit may be likewise so treated.

That John Lawhorn did have full authority, under his power of attorney from the other devisees of Leonard Lawhorn, to sue in his own name on the note here involved, fully appears from the amendment to the bill which was made in pursuance of order of the chancellor requiring the other devisees to be made parties hereto. In the amendment to the bill it was said:

"That by virtue of said written appointment it was the intention of the devisees of Leonard Lawhorn to give the said original complainant (John Lawhorn) full power and authority to receive and collect said note, by suit or otherwise, and he, therefore, had authority to file the original suit in which judgment was rendered on said note

and he did and does have the right and authority to maintain this suit to enforce and satisfy said judgment.''

For the reasons stated, the decree of the chancellor is affirmed and the cause remanded for further proceedings. The costs of appeal will be paid by defendant Wellford.