CORNELIA G. KENNEDY, Circuit Judge.
 

 This case requires this Court to decide the yet unresolved issue whether a bankruptcy judge must consider every question of dis-chargeability of a debt de novo or whether the parties are collaterally estopped by a prior state court judgment determining the nature of the debt?
 

 Appellant is a judgment creditor of ap-pellee. The Court of Common Pleas of Hamilton County, Ohio awarded appellant $207,748.95 for personal injuries caused when appellee, allegedly intoxicated, drove his car onto the sidewalk, striking appellant. The judgment was entered July 28, 1977. April 11, 1978, appellee filed a petition for voluntary bankruptcy. He listed four creditors — the major one was appellant. Appellant moved for a determination that the debt was nondischargeable and attached the state court judgment. Appellee moved for judgment on the pleadings on the grounds that appellant had ijot shown appellee acted willfully or maliciously and the state court judgment specifically recited the court found “no wanton, wilful miscon
 
 *226
 
 duct” by appellee. The Bankruptcy Court stated that it had before it only the judgment in the state court proceedings and was unable to tell if the judgment was a consent judgment or a judgment after jury trial. It ruled that even assuming it was a consent judgment, appellant was collaterally es-topped from asserting that appellee acted willfully and held the debt was discharged in bankruptcy. The District Court affirmed the Bankruptcy Court.
 

 Appellant, who appeared before the Bankruptcy Court and this Court pro se, raises several arguments. She argues the opinion of the Bankruptcy Court is too vague because it relied upon the state court judgment even though it could not determine its nature. She argues she did not consent to the judgment but demanded a jury trial and that her attorney who represented her in the state court accepted the judgment without her permission.
 
 [1]
 

 Appellant’s complaints about the vagueness of the Bankruptcy Court’s opinion or the actions of her attorney are without merit. Under the analysis used by the Bankruptcy Court the nature of the state court proceeding made no difference. If her attorney had acted without permission, she may have a claim against him but that claim must be pursued in state court. Since the state court awarded all the monies prayed for, however, it is difficult to see what her lawyer could have done but accept the judgment — no jury issue remained.
 

 Her argument that she did not have the opportunity to present evidence in the state court proceeding on the issue of willfulness and maliciousness does have merit.
 

 The Bankruptcy Act provides that the bankruptcy court shall grant the debtor a discharge (unless certain conditions exist, see 11 U.S.C. § 727), but not all debts are dischargeable. Section 17 of the Bankruptcy Act excepts certain kinds of debts; pertinent here is § 17(a)(8) which excepts actions for malicious and willful injury caused by the debtor to another or his property.
 
 See
 
 11 U.S.C. § 523(a)(6) (formerly 11 U.S.C. § 35(a)(8)). Unless the bankruptcy court determines the personal injury to be willful and malicious, the debt is discharged.
 
 See
 
 11 U.S.C. § 523(c).
 

 The power to determine dischargeability was granted to bankruptcy courts by the 1970 Amendments to the Bankruptcy Act. Congress intended to take the determinations governed by 11 U.S.C. § 523(c) away from state courts and grant exclusive jurisdiction in the bankruptcy courts.
 
 See Brown v. Felsen,
 
 422 U.S. 127, 99 S.Ct. 2205, 2211-12, 60 L.Ed.2d 767 (1979);
 
 Matter of Pigge,
 
 539 F.2d 369, 371 (4th Cir. 1976).
 
 [2]
 

 The Supreme Court in
 
 Brown, supra,
 
 recognizing the exclusive jurisdiction of the bankruptcy courts, held that a bankruptcy court was not precluded by res judicata from considering extrinsic evidence on an issue which would have been litigated in the prior state court proceeding but was not. In that case, the state suit had been settled by a stipulation but the stipulation did not indicate upon which cause of action the liability was based or whether or not the bankrupt had committed fraud. The Court rejected res judicata in a dischargeability proceeding. It reasoned that where the issues in state court were not identical to those in the bankruptcy proceeding, the parties would have little incentive to litigate them and that an express ruling by state courts on dischargeability questions would undermine the congressional intent to vest jurisdiction within the bankruptcy
 
 *227
 
 courts.
 
 See
 
 99 S.Ct. at 2211-12. However, the Court distinguished the application of collateral estoppel and expressly left open the question whether or not collateral es-toppel would apply.
 
 See
 
 99 S.Ct. at 2213 n. 10. Collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit. If a state court should determine factual issues using standards identical to those in dischargeability proceedings, then collateral estoppel — if held to be applicable and in the absence of countervailing statutory policy — would bar relitigation of those issues in the bankruptcy court.
 

 Some courts have held that collateral es-toppel should not apply in dischargeability determinations because of the bankruptcy court’s exclusive jurisdiction.
 
 See In re Rahm,
 
 641 F.2d 755, 757 (9th Cir. 1981);
 
 In re Houtman,
 
 568 F.2d 651, 653 (9th Cir. 1978);
 
 In re Day,
 
 4 B.R. 750, 754-55 (D.Ct., S.D.Ohio 1980);
 
 Matter of Stevens,
 
 476 F.Supp. 147, 149 (D.N.J.1979);
 
 In re Godfrey,
 
 472 F.Supp. 364, 370-71 (M.D.Ala.1979);
 
 In re Blessing,
 
 442 F.Supp. 68, 70-71 (S.D.Ind.1977);
 
 In re Burns,
 
 357 F.Supp. 176, 178 (D.Kan.1972);
 
 In re Rainey,
 
 1 B.R. 569, 570-71 (Bkrtcy., D.Ore.1979). Some courts which hold that collateral estoppel does not generally apply will accept the facts recited in a judgment as true where the judgment was a consent judgment or the bankrupt consented to certain allegations.
 
 See Carey Lumber Co. v. Bell,
 
 615 F.2d 370, 377-78 (5th Cir. 1980);
 
 Matter of Kasler,
 
 611 F.2d 308, 309-10 (9th Cir. 1979);
 
 Matter of Nadler,
 
 424 F.Supp. 1106, 1107-08 (E.D.Mo.1976). The Ninth Circuit would hold that the state court judgment may establish a prima facie case of non-dis-chargeability, but the bankrupt may rebut and the bankruptcy court is not bound by the determinations of the state court.
 
 See Lawrence T. Lasagna, Inc. v. Foster,
 
 609 F.2d 392, 396 (9th Cir. 1979).
 

 Other courts, including most bankruptcy courts, would apply collateral estoppel where the issue was previously litigated by the parties.
 
 See Matter of Ross,
 
 602 F.2d 604, 607-08 (3d Cir. 1979);
 
 Matter of Merrill,
 
 594 F.2d 1064, 1066-67 (5th Cir. 1979);
 
 In re Pitner,
 
 6 B.R. 731 (E.D.Tenn.1980);
 
 Matter of Herman,
 
 6 B.R. 352, 359-60 (D.Ct., S.D.N.Y.1980);
 
 Franks v. Thomason,
 
 4 B.R. 814, 820-21 (D.Ct., N.D.Ga.1980);
 
 National Homes Corp. v. Lester Industries, Inc.,
 
 336 F.Supp. 644, 648 (W.D.Va.1972);
 
 In re Whitmore,
 
 7 B.R. 835, 838-39 (Bkrtcy., N.D.Ga.1980);
 
 Matter of Allen,
 
 3 B.R. 355, 357-58 (Bkrtcy., W.D.N.Y.1980);
 
 In re Willis,
 
 2 B.R. 566, 568-69 (Bkrtcy., M.D.Ga.1980);
 
 Matter of Wuttke,
 
 2 B.R. 362, 364-65 (Bkrtcy., D.N.J.1980);
 
 In re Manitta,
 
 1 B.R. 393, 394 (Bkrtcy., C.D.Cal.1979);
 
 In re Meade Land and Development Co., Inc.,
 
 1 B.R. 279, 283-84 (Bkrtcy., E.D.Pa.1979);
 
 Matter of Evans,
 
 1 B.R. 229, 231 (Bkrtcy., S.D.Fla.1979);
 
 Truesdail v. Hall,
 
 1 B.R. 130, 132 (Bkrtcy., E.D.Mich.1979);
 
 In re Webster,
 
 1 B.R. 61, 63-64 (Bkrtcy., E.D.Va.1979).
 

 Applying collateral estoppel is logically consistent with the Supreme Court’s decision in
 
 Brown
 
 and the exclusive jurisdiction of the bankruptcy courts while at the same time encouraging judicial economy. The determination whether or not a certain debt is dischargeable is a legal conclusion based upon the facts in the case. The bankruptcy court has the exclusive jurisdiction to make that legal conclusion. It must apply the statute to the facts and decide to discharge or not. Therefore, res judicata does not apply to prevent litigation of every issue which might have been covered in the state court proceeding on the debt. However, that Congress intended the bankruptcy court to determine the final result— dischargeability or not — does not require the bankruptcy court to redetermine all the underlying facts. As the Court held in
 
 Brown,
 
 where the facts necessary for a dischargeability determination were not necessary to the determination in the prior judgment, the parties should not be bound or else the parties would always have to anticipate future bankruptcy proceedings and the state courts would be deciding facts not necessary to the state proceedings but only relevant to a possible future bankruptcy proceeding. In effect, state courts would then be deciding issues directly concerning dischargeability, contrary to con
 
 *228
 
 gressional intent. However, where the factual issues necessary for dischargeability determination were also necessary to the state court determination, the parties would not have to anticipate the bankruptcy proceedings and the state courts would not be determining issues irrelevant to the state proceedings. Collateral estoppel is applied to encourage the parties to present their best arguments on the issues in question in the first instance and thereby save judicial time. There is no reason to suppose that parties will not vigorously present their case on issues necessary to the state court proceeding or that the bankruptcy court will be any more fair or accurate than the state court in the determination of the facts. Thus, there is no reason to allow relitigation of facts previously litigated which were necessary to the outcome of that prior litigation. This Court holds that where all the requirements of collateral es-toppel are met, collateral estoppel should preclude relitigation of factual issues.
 

 Collateral estoppel requires that the precise issue in the later proceedings have been raised in the prior proceeding, that the issue was actually litigated, and that the determination was necessary to the outcome.
 
 See Ross, supra,
 
 602 F.2d at 608;
 
 Merrill, supra,
 
 594 F.2d at 1067;
 
 Harrison v. Bloomfield Building Industries, Inc.,
 
 435 F.2d 1192, 1195 (6th Cir. 1970). Another requirement used to be mutuality—the same parties or their privies had to be involved in the prior proceeding.
 
 See Harrison, supra. Merrill, supra,
 
 held that the party asserting the estoppel need not have been a party to the prior adjudication if the estoppel was being used defensively against one who was a party to the prior adjudication.
 
 See
 
 594 F.2d at 1067 & n. 3. Mutuality is no longer necessary in some circumstances.
 
 See Parklane Hosiery Co., Inc. v. Shore,
 
 439 U.S. 322, 331, 99 S.Ct. 645, 651, 58 L.Ed.2d 552 (1979);
 
 Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,
 
 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971). The continued need for the requirement of mutuality is not important in this case as appellant and appellee were both parties to the previous lawsuit and appellee is asserting the doctrine defensively against appellant.
 
 [3]
 

 If the important issues were not actually litigated in the prior proceeding, as is the case with a default judgment, then collateral estoppel does not bar relitigation in the bankruptcy court.
 
 See Commonwealth of Massachusetts v. Hale,
 
 618 F.2d 143, 146 (1st Cir. 1980);
 
 Matter of McMillan,
 
 579 F.2d 289, 293 (3d Cir. 1978);
 
 Pigge, supra,
 
 539 F.2d at 373;
 
 In re Cooney,
 
 8 B.R. 96, 98-99 (Bkrtcy., W.D.Ky.1980);
 
 In re Richards,
 
 7 B.R. 711, 714 (Bkrtcy., S.D.Fla.1980);
 
 In re Ashley,
 
 5 B.R. 262, 264 (Bkrtcy., E.D.Tenn.1980);
 
 In re McKenna,
 
 4 B.R. 160, 162 (Bkrtcy., N.D.Ill.1980);
 
 Matter of Mallory,
 
 1 B.R. 201, 202 (Bkrtcy., N.D.Ga.1979).
 

 Thus, before applying the doctrine of collateral estoppel, the bankruptcy court must determine if the issue was actually litigated and was necessary to the decision in the state court. To do this, the bankruptcy court should look at the entire record of the state proceeding, not just the judgment,
 
 see Herman, supra,
 
 6 B.R. at 357;
 
 National Homes, supra,
 
 336 F.Supp. at 648;
 
 Webster, supra,
 
 1 B.R. at 63, or hold a hearing if necessary,
 
 see Ross, supra,
 
 602 F.2d at 608.
 

 In the present case, the Bankruptcy Court did not look at the whole state court record. It made its decision based upon the pleadings in the Bankruptcy Court. It stated it had only the judgment of the state court before it.
 

 
 *229
 
 The record before the Bankruptcy Court shows that appellant had attached to her proof of claim and her complaint to determine dischargeability the state court judgment. She also submitted a brief of the proposed evidence that she would like to submit. Attached to her memorandum in support of her complaint was a copy of her complaint in the state court proceeding. Also before the Bankruptcy Court was part of the transcript of the state court proceeding. (She quoted the transcript in her memorandum in support of her complaint. The actual pages were not attached to any papers in the Bankruptcy Court but were attached to a brief filed in the District Court on appeal).
 

 The complaint alleged appellee was intoxicated and acted wantonly and maliciously. It did not allege willful action. The state court stated at one time that the proceedings before it was more in the nature of a motion for summary judgment as it was being asked to consider other papers. However, it rendered judgment “[0]n the pleadings herein, and the evidence herein, ... . ” The state court found “no wanton, wilful misconduct by the defendant, Darryl Harley” and awarded $7,748.95 in past medical expenses and $200,000 in future and related medical expenses. Appellant contends the $200,000 was an award of punitive damages while appellee claims it was an award of compensatory damages.
 

 The language of the state court judgment makes it clear the award is for compensatory damages. The complaint did not request punitive damages. The state court awarded all appellant asked for. It is not clear if the entire complaint from the state court proceeding was before the Bankruptcy Court. The appendix before this Court has the entire complaint; however, the official record seems to include only the first page. The record before the Bankruptcy Court and this Court indicates either that the finding of no wantonness or willfulness was an unnecessary finding or, at best, an ambiguity. If appellant had not prayed for punitive damages, a finding of no willful or wanton conduct would have been unnecessary. Even if appellant had prayed for punitive damages, the state court decision is ambiguous because the court stated it was granting judgment on the pleadings and found no wantonness or willfulness, but the pleadings alleged appellee acted wantonly and maliciously. Moreover, there is no determination that the definition of wantonness and malice for Ohio’s traffic code is the same as the definition of willfulness and malice for dischargeability determinations.
 

 Thus, even if there were a factual basis for the state court to make a finding of no wanton or willful misconduct, the Bankruptcy Court would be required to apply the bankruptcy dischargeability standard to those facts.
 

 Appellant has the burden of proving willful and malicious conduct on the part of appellee.
 
 See Rahm, supra,
 
 641 F.2d at 756;
 
 Kasler, supra,
 
 611 F.2d at 309;
 
 Brown v. Buchanan,
 
 419 F.Supp. 199, 201 (E.D.Va.1975). However, the person asserting the estoppel has the burden of proving the requirements of estoppel have been met.
 
 See Merrill, supra,
 
 594 F.2d at 1067. If the state record does not show the issue was necessarily and actually litigated in the pri- or non-bankruptcy proceeding, collateral estoppel is inapplicable.
 
 See Whitmore,
 
 7 B.R. at 838-39.
 

 This Court holds that appellee did not sufficiently establish that collateral estop-pel applied to justify dismissing appellant’s complaint. The judgment of the District Court is reversed and the case is remanded with directions to remand to the Bankruptcy Court to determine by looking at the entire state court record if the issue of willful and malicious action on the part of appellee was actually litigated and was necessary to the state court decision. Only if that is so is appellant estopped to argue the claim is not dischargeable. If not, appellant is not estopped and must be given the opportunity to present evidence to the Bankruptcy Judge that appellee did willfully and maliciously cause injury to her.
 

 [1]
 

 . She further argues that her attorney lied to the state court and represented that she was walking in the street and not on the sidewalk; she points out that Ohio has no comparative negligence statute. The pages of the transcript in the appendix to her brief to this Court indicate that while at one point her attorney said she was hit while walking down the street, the attorney was not testifying and two pages later he stated she was on the sidewalk. The state court judgment does not indicate any reliance on appellant’s comparative negligence or contributory negligence.
 

 [2]
 

 . With respect to other kinds of dischargeability determinations, the bankruptcy court does not have exclusive jurisdiction and res judicata and collateral estoppel may apply.
 
 See In re Peterman,
 
 5 B.R. 687, 690-91 (Bkrtcy., E.D.Pa.1980).
 

 [3]
 

 . Therefore, this Court need not decide if the bankrupt could be collaterally estopped or if the interests of the trustee in bankruptcy, who was not a party to the prior litigation, would allow relitigation of the factual issues. Some courts have held the bankrupt to be collaterally estopped without considering the interests of the trustee. See
 
 Pitner, supra; Allen, supra,
 
 3 B.R. at 359-60;
 
 Willis, supra,
 
 2 B.R. at 568;
 
 Evans, supra,
 
 1 B.R. at 231;
 
 Truesdail, supra,
 
 1 B.R. at 131-32;
 
 Webster, supra,
 
 1 B.R. at 63. One court has held that state court proceedings did not bind the bankruptcy trustee because the trustee was not a party to the prior suit.
 
 See Matter of Mosher,
 
 420 F.Supp. 898, 902 (S.D.Tex.1976).