57 F.3d 1070
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 In re Charles Edward ROGERS, Debtor.
Otto B. WHITE, Plaintiff-Appellee,
v.
Charles Edward ROGERS, Defendant-Appellant.
 No. 94-5056.
 United States Court of Appeals, Sixth Circuit.
 June 16, 1995.
 
 1
 Before: MERRITT, Chief Judge; MARTIN, Circuit Judge, and SIMPSON, Chief District Judge.*
 
 ORDER
 
 2
 Charles Edward Rogers appeals pro se a district court order affirming the bankruptcy court's decision in this adversary proceeding. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On September 19, 1992, Rogers filed a voluntary petition in bankruptcy under Chapter 7 of the Bankruptcy Code. On December 17, 1992, Otto B. White filed a complaint to determine the dischargeability of a judgment obtained by White against Rogers for $250,000.00 awarded by a state court in a default judgment in favor of White. Rogers was prosecuted in the Criminal Court of Davidson County, Tennessee, and was found guilty of maliciously shooting White. The civil judgment of default was entered against Rogers as a result of the shooting. The judgment recited a specific finding of fact that the shooting was an intentional and malicious act.
 
 
 4
 On July 27, 1993, the bankruptcy court entered an order granting White's motion for summary judgment and declaring that the $250,000.00 civil judgment against Rogers was nondischargeable under 11 U.S.C. Sec. 523(a)(6). The district court affirmed the bankruptcy court's decision in an order entered December 10, 1993.
 
 
 5
 When reviewing a decision of a district court that reviews a bankruptcy court order, this court reviews the district court's decision de novo. First Nat'l Bank v. Rafoth (In re Baker & Getty Fin. Servs., Inc.), 974 F.2d 712, 717 (6th Cir.1992). Upon review, we affirm.
 
 
 6
 For purposes of this appeal, the sole issue is whether the state court default judgment against Rogers is entitled to collateral estoppel effect. The principles of collateral estoppel apply in dischargeability actions under Sec. 523(a) of the Bankruptcy Code. Grogan v. Garner, 498 U.S. 279, 284 (1991); Spilman v. Harley, 656 F.2d 224, 227 (6th Cir.1981). Under the standards of full faith and credit enunciated in 28 U.S.C. Sec. 1738, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). "There is no compelling statement of federal bankruptcy law which expressly or impliedly excepts to the normal operation of Sec. 1738 where the state court judgment for which issue preclusive effect is sought is a default judgment." Harris v. Byard (In re Byard), 47 B.R. 700, 707 (Bankr.M.D.Tenn.1985).
 
 
 7
 In Spilman, we set out the three essential elements of issue preclusion or collateral estoppel. The party seeking preclusion must show that the precise issue was: (1) raised in the prior proceeding; (2) actually litigated; and (3) necessary to the outcome of the case. 656 F.2d at 228.
 
 
 8
 The major area of dispute in this case is the requirement that the issues be "actually litigated" in the state court action. "If the important issues were not actually litigated in the prior proceeding, as is the case with a default judgment, then collateral estoppel does not bar relitigation in the bankruptcy court." Id. Before collateral estoppel is applied, "the bankruptcy court must determine if the issue was actually litigated and was necessary to the decision in the state court. To do this, the bankruptcy court should look at the entire record of the state proceeding, not just the judgment...." Id.
 
 
 9
 In the present case, the bankruptcy court properly examined the entirety of the state court proceedings, including the civil proceeding as well as the criminal proceeding. The state court civil proceeding was based upon the testimony of White, statements of White's counsel, and the record as a whole, that White sustained serious physical injuries, thereby incurring substantial medical bills and a substantial lost earning capacity, by reason of Rogers's intentional and malicious act of shooting White in the neck with a shotgun. The state court also awarded punitive damages. The taking of evidence and finding of maliciousness do constitute "actually litigating" the necessary issues.
 
 
 10
 Even if the default judgment had been rendered without the hearing of evidence on the issue of damages and the finding of maliciousness to support an award of punitive damages, Tennessee law would give it preclusive effect. See Lawhorn v. Wellford, 168 S.W.2d 790, 792 (Tenn.1943). Because a Tennessee court would give preclusive effect to the default judgment in this case, and no federal policy creates an exception to the normal rules of full faith and credit in this case, the bankruptcy court was obligated to give preclusive effect to the default judgment. Therefore, the district court's affirmance of the bankruptcy court's decision was proper.
 
 
 11
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles R. Simpson, III, Chief United States District Judge for the Western District of Kentucky, sitting by designation