In re Jack Wayne BURSACK, Debtor.

RALLY HILL PRODUCTIONS, INC., Plaintiff–Appellee,

v.

Jack Wayne BURSACK, Defendant–Appellant.

No. 94–5620.

United States Court of Appeals, Sixth Circuit.

Argued May 9, 1995.

Decided Aug. 25, 1995.

---

David E. Lemke (argued and briefed), Waller, Lansden, Dortch & Davis, Nashville, TN, for plaintiff-appellee.

Steven L. Lefkovitz (argued and briefed), Nashville, TN, for defendant-appellant.

Before BROWN, BOGGS, and NORRIS, Circuit Judges.

ALAN E. NORRIS, Circuit Judge.

Jack Bursack, a bankruptcy debtor, appeals from the district court's order affirming the bankruptcy court's award of summary judgment to Rally Hill Productions, Inc., on Rally Hill's action to determine the dischargeability of a debt. Bursack challenges the lower courts' conclusions that his debt, which resulted from a state-court fraud judgment in favor of Rally Hill, is not dischargeable in bankruptcy. For the reasons that follow, we affirm.

## I.

This case arose from several loan transactions in which Rally Hill extended credit to American Indian Broadcasting Group ("AIBG"). In January 1992, Rally Hill filed a complaint in a Tennessee state court alleging, among other things, that AIBG, Bursack, and Lynwood Eaton made false representations and submitted false financial statements upon which Rally Hill reasonably relied in loaning money to AIBG. Bursack obtained counsel, answered the complaint, and asserted cross-claims. He was deposed in June 1992 and again in July 1992. Counsel represented him on both occasions.

One or two days before trial, Bursack's attorney informed Rally Hill that Bursack would not appear. The trial began without him in February 1993. Rally Hill and defendant Eaton presented evidence, including parts of Bursack's deposition testimony. The trial court granted judgment in favor of Rally Hill against all three defendants, jointly and severally, in the amount of $470,098.25 on the underlying loan. The court submitted the fraud claim to the jury, which returned fraud verdicts against both Bursack and Eaton. After a separate hearing on punitive damages, the jury assessed $100,000 against each.

Bursack filed a Chapter 7 bankruptcy petition in May 1993. In August 1993, Rally Hill brought this action to determine the dischargeability of a debt, contending that Bursack's obligation to it is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A)–(B). Those provisions of the bankruptcy code made nondischargeable debts for money ob-

tained by fraud or false financial statements. Rally Hill moved for summary judgment and filed the transcript of the state-court trial as an exhibit in support of its motion.

The outcome of the summary judgment motion turned on the sole issue of whether the state-court judgment against Bursack for fraud was entitled to collateral estoppel effect in the dischargeability proceeding. *Rally Hill Prod., Inc. v. Bursack (In re Bursack)*, 163 B.R. 302, 304 (Bankr.M.D.Tenn. 1994). The bankruptcy court concluded that Tennessee law would give preclusive effect to the judgment at issue and that no federal policy required creating an exception to the normal rule that federal courts must give full faith and credit to state-court judgments. *Id.* at 309. Alternatively, the court held that the judgment at issue satisfies the federal collateral estoppel standard. *Id.* Thus, the court granted Rally Hill's motion for summary judgment and declared Bursack's debt resulting from the state-court judgment nondischargeable. *Id.* On appeal, the district court summarily affirmed the bankruptcy court's order in all respects.

## II.

▮ Bursack's first argument on appeal is that a state-court judgment resulting from a trial in which he did not participate cannot have collateral estoppel effect in a subsequent bankruptcy proceeding. Because this argument raises a question of law, we consider the bankruptcy court's conclusion *de novo*. *Michigan Nat'l Bank v. Charfoos (In re Charfoos)*, 979 F.2d 390, 392 (6th Cir.1992).

▮ The doctrine of collateral estoppel applies in dischargeability actions under 11 U.S.C. § 523(a). *Grogan v. Garner*, 498 U.S. 279, 284 n. 11, 111 S.Ct. 654, 658 n. 11, 112 L.Ed.2d 755 (1991). In determining whether to accord preclusive effect to a state-court judgment, we begin with the fundamental principle that "judicial proceedings [of any court of any state] shall have the same full faith and credit in every court within the United States ... as they have by law or

usage in the courts of such State ... from which they are taken." 28 U.S.C. § 1738.[1] The principles of full faith and credit reflected in § 1738 generally require "that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984); *accord Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 523, 106 S.Ct. 768, 771, 88 L.Ed.2d 877 (1986). Bankruptcy courts' exclusive jurisdiction over dischargeability issues does not alter this rule. *See Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380, 105 S.Ct. 1327, 1331–32, 84 L.Ed.2d 274 (1985) ("a state court judgment may in some circumstances have preclusive effect in a subsequent action within the exclusive jurisdiction of the federal courts"); *see also Spilman v. Harley*, 656 F.2d 224, 227 (6th Cir.1981) ("that Congress intended the bankruptcy court to determine the final result— dischargeability or not—does not require the bankruptcy court to redetermine all the underlying facts").

▮ In cases involving claims within the exclusive jurisdiction of the federal courts, a court determining whether or not to apply collateral estoppel first must determine if a state court judgment would receive preclusive effect in the state where it was rendered. *Marrese*, 470 U.S. at 386, 105 S.Ct. at 1334–35. If the answer to this question is yes, the court must give that judgment preclusive effect unless it determines that an exception to § 1738 should apply. *Id.* This determination turns on the question of whether "the concerns underlying a particular grant of exclusive jurisdiction justify a finding of an implied partial repeal of § 1738." *Id.* To resolve this question, courts must consider the particular federal statute and the issue involved in the federal proceeding, and keep in mind that "the primary consideration must be the intent of Congress." *Id.*

---

1. The full faith and credit statute, 28 U.S.C. § 1738, implements the Constitution's Full Faith and Credit Clause. *Migra v. Warren City Sch.*

*Dist. Bd. of Educ.*, 465 U.S. 75, 80, 104 S.Ct. 892, 895–96, 79 L.Ed.2d 56 (1984).

▮▮▮ There is no question that Bursack's failure to appear at trial would not prevent Tennessee courts from giving preclusive effect to Rally Hill's judgment against him. Under Tennessee law, collateral estoppel bars relitigation of an issue if it was raised in an earlier case between the same parties, actually litigated, and necessary to the judgment of the earlier case. *Massengill v. Scott,* 738 S.W.2d 629, 632 (Tenn.1987). Even a default judgment satisfies Tennessee's "actually litigated" requirement:

> A judgment taken by default is conclusive by way of estoppel in respect to all such matters and facts as are well pleaded and properly raised, and material to the case made by declaration or other pleadings, and such issues cannot be relitigated in any subsequent action between the parties and their privies.

*Lawhorn v. Wellford,* 179 Tenn. 625, 168 S.W.2d 790, 792 (1943). Accordingly, under the principles of *Marrese,* the state-court judgment should have preclusive effect in a nondischargeability proceeding unless Congress created an exception to § 1738.

Our inquiry is somewhat complicated by the discussion in *Spilman v. Harley, supra,* of collateral estoppel in the context of a bankruptcy proceeding. There, a panel of this court held that "[c]ollateral estoppel requires that the precise issue raised in the later proceedings have been raised in the prior proceeding, that the issue was actually litigated, and the determination was necessary to the outcome." *Spilman,* 656 F.2d at 228. The opinion went on to say that "[i]f the important issues were not actually litigated in the prior proceeding, *as is the case with a default judgment,* then collateral estoppel does not bar relitigation in the bankruptcy court." *Id.* (emphasis added). Thus, *Spilman,* at least arguably, created a bright-line rule that default judgments can never have preclusive effect in bankruptcy proceedings regardless of their treatment under relevant state law.

*Spilman* did not, however, explain why an exception to § 1738 should apply in this context. Thus, its continuing relevance is questionable in light of the later Supreme Court cases dealing with full faith and credit. In-

deed, there exists a split in the bankruptcy courts of this circuit on the issue of whether these cases have abrogated *Spilman's* rule about the effect of default judgments. *Compare, e.g., Harris v. Byard (In re Byard),* 47 B.R. 700, 704–05 (Bankr.M.D.Tenn.1985) (*Spilman* rule no longer controls) *with Ferguson v. Hall (In re Hall),* 95 B.R. 553, 558 (Bankr.E.D.Tenn.1989) (*Spilman* rule still applies); *see also Bay Area Factors v. Calvert (In re Calvert),* 177 B.R. 583, 585–86 (Bankr.W.D.Tenn.1995) (collecting cases on both sides of the issue).

It is apparent that the Supreme Court's opinions in cases such as *Migra* and *Marrese* call into question the rigid rule set out in *Spilman.* However, under the circumstances of this case, we are not required to determine the extent to which the *Spilman* rule may have been overruled. That is, we need not address the question of whether a true default judgment, *e.g.,* where the defendant does not file an answer, has collateral estoppel effect in a later bankruptcy proceeding. The state-court judgment at issue here is not a default judgment as contemplated by the *Spilman* court. Indeed, the attributes listed by *Spilman* as conditions for a judgment having preclusive effect are present in this case.

Here, Rally Hill's state-court complaint raised the issues of fraud and use of false financial statements. The issues were actually litigated to the extent that Bursack retained an attorney, filed an answer, asserted cross-claims, and participated in discovery, which included his submitting to two depositions. In fact, Bursack's counsel conceded at oral argument that Bursack "had vigorously litigated the case and defended the case up until the eve of trial." His strategic decision not to appear at the trial does not undo his earlier active participation in the litigation. Finally, resolution of the fraud issue was necessary to the outcome of the state-court trial. The jury heard evidence on fraud, rendered a verdict against Bursack, and assessed punitive damages that were necessarily predicated on fraud.

Whether or not any federal policy requires an exception to the normal operation of § 1738 in the case of a true default judg-

ment, no provision of federal law requires an exception in circumstances such as those present here. The fraud issue was raised, actually litigated, and necessary to the judgment in state court. Accordingly, the bankruptcy court properly held that Bursack's mere failure to appear at trial does not alter the preclusive effect of the state-court judgment.

### III.

■ Bursack also argues that the elements necessary to prove fraud under Tennessee law differ from the elements necessary to prove fraud under 11 U.S.C. § 523(a)(2). Thus, he contends that the state-court judgment cannot serve as the basis for collateral estoppel under either *Spilman* or Tennessee law. This argument is entirely without merit. We agree with the bankruptcy court that the "jury instructions, together with the rest of the state court record in this case, clearly indicate that each of the elements necessary to prove fraud for the purpose of nondischargeability under § 523(a)(2) was pleaded, argued, and considered by the jury in the state court action." *In re Bursack*, 163 B.R. at 306. Consequently, we conclude that the bankruptcy court did not err in holding that collateral estoppel barred Bursack from relitigating the fraud issue.

### IV.

The district court's order affirming summary judgment in favor of Rally Hill is **affirmed**.